

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Richard A. Thorpe )<br><br>Ex relatione )<br><br>RICHARD A. THORPE, SR. )<br>In Propria Persona  Sui Juris )<br><br>Plaintiff, )<br><br>v. )<br>MICHAEL K. NEWELL, ESQUIRE, )<br><br>ANTOINETTE D. THORPE and )<br><br>MARK D. BUCKWORTH )<br>Individually and in his Official Capacity )<br>Acting As Magistrate  for the Family Court )<br>For New Castle County )<br><br>Defendants )<br> ) | Civil Action No. _0 5 - 5 7 2_ |

**VERIFIED COMPLAINT**

**A.    PARTIES:**

1.     Plaintiff, Richard A. Thorpe ex relatione RICHARD A. THORPE, SR., in

propria persona sui juris, is a natural person, a living soul and a native born

citizen of the United States, the Republic of North America,  and the Plaintiff

receives mail at c/o 325 East 5th Street, Apt. 11-N, Wilmington, Delaware

[19801].

2.     Defendant ANTOINETTE D. THORPE ("THORPE") is a resident of the

State of Delaware employed by Agilent Technologies at 2850 Centerville

Road, Wilmington, Delaware her home address is 168 Liborio Drive, Middletown, Delaware 19709.

3.    Defendant MICHAEL K. NEWELL ("NEWELL") is a resident of the State of Delaware and a member of the Delaware Bar Association, a private (non-government) professional association. NEWELL's business address is 1007 North Orange Street, P. O. Box 2207, Wilmington, DE 19899 and home his address is 103 Nathaniel Drive, Hockessin, Delaware 19707.

4.    Defendant MARK D. BUCKWORTH ("BUCKWORTH"), individually and is his official capacity employed by the STATE OF DELAWARE as Magistrate for the Family Court for New Castle County. BUCKWORTH is a resident of the State of Delaware and a member of the Delaware Bar Association, a private (non-government) professional association. BUCKWORTH's business address is 500 North King Street, Wilmington, Delaware 19801.

**B.    JURISDICTION:**

5.    The Plaintiff brings this action against the Defendants THORPE, NEWELL AND BUCKWORTH to redress the violation and deprivation of rights secured by the First, Fifth, and Forteenth Amendments of the Constitution for the United States of America, Title 42 U. S. C. § 1983, 1985(2), 1985(3), 1986, 1988, and common law.

6.    The Court has jurisdiction over this matter pursuant to Article III, Section 2 of the Constitution for the United States of America and Title 28 U. S. C. §

1331, 1343(a)(1), 1343(a)(2) and 1343(a)(3), and 42 U. S. C. § 1983, 1985 and 1986.

7.    Plaintiff also invokes supplemental jurisdiction of this Court over his state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

8.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the Cause of Action occurred in this district.

## C.    NATURE OF ACTION:

9.    Plaintiff brings action against the Defendants ANTOINETTE D. THORPE, MICHAEL K. NEWELL and MARK D. BUCKWORTH for damages resulting from the violation the Plaintiff's rights protected under the Constitution for the United States the Republic of America, from the conspiracy to deprive the Plaintiff of his constitutional rights, from depriving the Plaintiff of his constitutional rights, from negligence and from fraud during litigation pertaining to divorce involving ancillary matters for property division.

## D.    STATEMENT OF FACTS:

10.    The Plaintiff purchased the property located at 311 West 38th Street, Wilmington, Delaware on or about December 1986.

11.    The Plaintiff and the Defendant THORPE, a native of Martenique and then a citizen of France, were married in Elkton, Maryland on November 25, 1988.

12.    The Plaintiff owned the property located at 311 West 38th Street, Wilmington, Delaware before the marriage.

13.    After the Plaintiff and Defendant THORPE had two children, the Plaintiff placed the Defendant THORPE's name on the deed for the property at 311 West 38th Street, Wilmington, Delaware.  The deed recorded was around July 1998.

14.    During the marriage, Defendant THORPE accumulated approximately the amount of $45,000 in 401K pension funds through employment.

15.    On or about June 1999, Defendant THORPE abandoned the Plaintiff and the marital residence.

16.    In January 2001, the Plaintiff lost his job with Delaware Motor Group, and the Plaintiff was unemployed January through June 2001.

17.    On May 24, 2001, the Plaintiff was ordered to pay Child Support to the Defendant THORPE in the approximate amount of $784 per month.`

18.    On or about June 2001, the Plaintiff started working at Diver Chevrolet as a Salesperson earning $1,500 per month plus commission on sales above seven (7) units.

19.    On December 19, 2001, the Plaintiff's Petition for Modification of Child Support was dismissed.

20.    The Plaintiff and Defendant THORPE were divorced on August 15, 2002 in Delaware.

21.    Defendant NEWELL represented the Defendant THORPE in the divorce proceeding held on August 15, 2002 and ancillary matters.

22.    On January 10, 2003, the Plaintiff's attorney Susan Over filed a Motion to Withdraw.

23.     On January 27, 2003, the Court granted Over's <u>Motion to Withdraw</u>.

24.     On March 5, 2003, the Plaintiff file a <u>Motion for</u> <u>Court Appointed Counsel</u>.

25.     On March 17, 2003, the Plaintiff's <u>Motion for Court Appointed Counsel</u> was denied.

26.     During the same period of time in March 2003, the Plaintiff, the using the Self Help Center in the Family Court, filed <u>Motion for Disposition of Real Estate</u> asking the Court to compel Defendant THORPE to sign a listing agreement with Paterson Schwarz prepared by the real estate agent, Dave Apostolico, <u>Motion for Education Documentation</u> because Defendant NEWELL misrepresented Plaintiff's education level of a document file with the Court, and a <u>Motion for an Extension</u> for filing the Financial Report 16(C).

27.     On March 18, 2003, Defendant NEWELL filed a <u>Motion for Sanction</u> against the Plaintiff alleging the Plaintiff's four motions were filed with the intent of harassing the Defendant THORPE.

28.     On March 27, 2003, the Court issued sanction against the Plaintiff ordering that – "all future pleading filed by Petitioner [Plaintiff] shall be submitted to the undersigned Judge [Defendant BUCKWORTH] for discretionary review prior to docketing and/or processing said pleading(s)".

29.     Defendant THORPE and her attorney Defendant NEWELL alleged in the Financial Report 16(c) filed on April 4, 2003 that the fair market for the property located 311 West 38th Street, Wilmington, Delaware value to be in the amount of $130,000.

30.   In the same Financial Report 16(c) filed on April 4, 2003, the Plaintiff alleged the balance of the mortgage for the property located 311 West 38th Street, Wilmington, Delaware to be in the amount of $46,645.

31.   Allegedly, there was a telephone conference held on April 16, 2003; the Plaintiff did not participate due to lack of notice.

32.   On April 17, 2003, Defendant BUCKWORTH issued a Pre-Trial Conference Order in the form of a letter scheduling a Pre-Trial Conference on July 31, 2003 at 2:45 PM with instructions for the delivery of the Stipulation Agreement to be made between the parties.

33.   The Pre-Trial Conference Order letter was sent to Defendant NEWELL at his business address:  1220 Market Street, P. O. Box 2207, Wilmington, DE 19899; however the same Pre-Trial Conference Order letter contained an erroneous address without a zip code for the Plaintiff.

34.   The Pre-Trial Conference Order letter showed the Plaintiff's address as - 311 West 28th Street, Wilmington, DE, whereas the correct address for the Plaintiff as per court record was 311 West 38th Street, Wilmington, DE 19802.

35.   The Pre-Trial Conference Order letter also contained the instructions for the delivery of the Stipulaton agreement.   The Court instructed Defendant THORPE (Wife) captioned as the "Petitioner" to deliver the Stipulation agreement to the Plaintiff (Husband) captioned as the "Respondent" fifteen (15) days before the Pre-Trial Conference scheduled for July 31, 2003.

36.   On July 13, 2003, the Plaintiff signed a listing agreement with RE/MAX
      MetroStar Realty to sell the property to avoid pending foreclosure.

37.   On July 16, 2003, Mildred Wilson, the listing agent RE/MAX MetroStar
      Realty, faxed a copy of the listing agreement to Defendant NEWELL as
      instructed by Defendant THORPE.

38.   During the same period of time around July 16, 2003, the Plaintiff met with
      Defendant THORPE to have her sign the listing agreement.   Defendant
      THORPE refused to sign the listing agreement and to  cooperate in the sale of
      property.

39.   The Plaintiff did not attend the Pre-Trial Conference held on July 31, 2003
      due to lack of proper notice.

40.   The Plaintiff received the Stipulation agreement by mail without a certificate
      of mail on or after July 31, 2001.

41.   The Plaintiff was information contained in the listing agreement for disclosing
      settlement proceeds were contained in the Stipulation agreement.

42.   According to the transcript for the Pretrial Conference held on July 31, 2003,
      Defendant Newell concealed from the Court that Defendants THORPE and
      NEWELL failed to deliver the Stipulation agreement to the Plaintiff fifteen
      (15) days before the Pretrial Conference as per instructions in the Pre-Trial
      Conference Order letter dated April 17, 2003.

43.   During the Pretrial Conference hearing held on July 31, 2003, Defendant
      Newell never disclosed to the Court the circumstances involved with the
      delivery of the Stipulation agreement to the Plaintiff.

44.     As a result, on July 31, 2003 the Court awarded the Defendants a default judgement against the Plaintiff, and the Court ordered Defendant NEWELL to prepare a default judgment order based on the Stipulation Agreement.

45.     The Defendant NEWELL stated in the recital section  for the <u>Default Order</u> dated August 6, 2003, that Defendants THORPE and NEWELL had received permission from the Court to file the Stipuation agreement late.

46.     The alleged fact the Defendants THORPE and NEWELL received permission from the Court to file the Stipulation agreement late is not supported in the court records or the hearing transcript.

47.     During the Pretrial Conference hearing held on July 31, 2003, the Defendant NEWELL stated the  intent for the Defendant THORPE, to convey her interest in the maritial residence to the Plaintiff – " So Mr. Thorpe can have this asset and in fact I would ask that an order be entered where I could prepare a form of deed from this property conveying her interest to him to either be signed, that she could sign and be done with it".

48.     The Plaintiff never received any deed conveying Defendant THORPE interest in the property located at 311 West 38th Street, Wilmington, Delaware to the Plaintiff.

49.     On August 6, 2003 the Court issued the default judgment order prepared by Defendant NEWELL with  fraudlent language for the Defendant THORPE (Grantor) to convey her interest in the marital residence to the Plaintiff (Grantee) in exchange  Defendant THORPE would keep her 401k  Retirement fund.

50.    Defendant NEWELL prepared the <u>Default Order</u> dated August 6, 2003 stating

the intent for the Defendant THORPE to convey her interest in the property

located at 311 West 38th Street, Wilmington, Delaware to the Plaintiff  -

"*Wife* [Defendant THORPE]  *shall convey to Husband* [Plaintiff] *by deed all*

*of her rights, title and interest in and to the property located at 311 West 38th*

*Street....*".

51.    In the <u>Default Order</u> Defendant NEWELL used fraudulent language ordering

the Clerk of the Court to sign the conveyance in behalf of the Plaintiff -  "*To*

*the extent that documents are needed to be signed by* ***Husband*** [Plaintiff] *to*

*complete this conveyance from Wife* [Defendant THORPE] *to Husband*

[Plaintiff], *then the provision of 13* <u>*Del. C.*</u> *&1513(f) shall apply and the Clerk*

*of Court shall be order* [sic] *to sign and all such documents.*"

52.    Defendants NEWELL and BUCKWORTH are trained attorneys at law;

therefore being trained legal professional knew or should known the language

for conveyance of real property.

53.     Defendants NEWELL and BUCKWORTH being trained in matters of law

knew or should known the conveyance of real property from the Defendant

THORPE, the Grantor to the Plaintiff, the Grantee required only the

Defendant THORPE's signature, the Plaintiff's signature was not required or

would not be required for executing the conveyance from Defendant

THORPE to Plaintiff.

54.    Therefore the language should have been written as follows: "*To the extent*

*that documents are needed to be signed by* ***Wife*** [Defendant THORPE]  *to*

*complete this conveyance from Wife to Husband, then the provision of 13 Del.*

*C. &1513(f) shall apply and the Clerk of the Court shall be order* [sic] *to sign*

*and all such documents."*

55.    Both Defendants NEWELL AND BUCKWORTH being members of the
Delaware State Bar Association,  acting as Officers of the Court, and being
trained legal professionals should have known the Plaintiff's signature was not
required when the Plaintiff was the Grantee in the deed, and the Defendant
THORPE was the Grantor; therefore, the Court Clerk should have been
ordered to sign in behalf of the Defendant THORPE, the Grantor.

56.    On August 15, 2003, the Plaintiff filed a Motion to Reopen Under 60 (b).

57.    On August 28, 2003, Defendant NEWELL answered the Plaintiff's a Motion
to Reopen Under 60 (b) with a copy of the Pre-Trial Conference Order letter
dated April 17, 2003.

58.    In the response dated August 28, 2003, Defendant NEWELL misrepresented
the Plaintiff's address as being - *"The address on the notice of hearing is*
*address provided by Husband to the Court and continues to be the same*
*address as evidenced on the filing of his underlying motion."*

59.    On September 3, 2003, Defendant BUCKWORTH dismissed the Plaintiff's
Motion to Reopen and he falsely stated the Plaintiff "was personally informed
by the Court at a teleconference conducted 4/16/03 of Pretrial date and time".
*(See Exhibit F and H- Order Dismissing Motion to Reopen and  Letter from*
*Court Reporter)*

60. On September 8, 2003, the Plaintiff, proceeding in forma pauperis, filed a Notice of Appeal with the Supreme Court of Delaware – Case Number 443, 2003.

61. The Plaintiff was injured by being unable to obtain clear title for the deed to sell the property located at 311 West 38th Street, Wilmington, Delaware as a result of the default judgment issued against the Plaintiff on July 31, 2003.

62. The Plaintiff was injured by being unable to obtain clear title for the deed to sell the property located at 311 West 38th Street, Wilmington, Delaware as a result reckless disregard of the truth by Defendants THORPE, NEWELL, and BUCKWORTH during the hearing, subsequent Court Orders and pleadings.

63. The Plaintiff was injured by being unable to obtain clear title for the deed to sell the property located at 311 West 38th Street, Wilmington, Delaware as a result of deprivation of his constitutional rights secured by the First, Fifth and Forteenth Amendment by Defendants THORPE, NEWELL, and BUCKWORTH during the hearing, subsequent Court Orders and pleadings.

64. The Plaintiff was injured by being unable to obtain clear title for the deed to sell the property located at 311 West 38th Street, Wilmington, Delaware as a result of the conspiracy, misrepresentation of material facts, omissions of material facts and fraud committed by the Defendants THORPE, NEWELL, and BUCKWORTH during the hearing and various pleadings.

65. The Plaintiff being unable to obtain Defendant THORPE's signature for the listing agreement to sell the property, the Plaintiff was injured by being unable to obtain clear title for the deed to sell the property located at 311 West 38th

Street, Wilmington, Delaware as a result of the fraudulent language used in Default Order issued on August 6, 2003 for conveying the Defendant THORPE'S interest in the property to the Plaintiff.

66.     As a result being unable to obtain clear title the deed to sell the property on the market through a Realtor, on October 14, 2003, the property located at 311 West 38th Street, Wilmington, Delaware was sold at Sheriff's Sale for $82,000.

67.     On December 15, 2003, the Plaintiff filed an Opening Brief and Appendix for the appeal to the Supreme Court of Delaware raising the issues 1) Plaintiff did not receive proper notice for the Pretrial Conference held on July 31, 2003, 2) the languange for conveyance of the property located at 311 West 38 Street, Wilmigton, Delaware from Defendant THORPE to the Plaintiff, 3) Defendant NEWELL's misrepresentation of the Plaintiff's address in their response to the Plaintiff's Motion to Reopen, and   4) Defendants BUCKWORTH's dismissal of the Plaintiff's Motion to Reopen.

68.     Afterwards, Defendant NEWELL wrote a letter to the Clerk of the Supreme Court of Delaware, and he later filed a motion with the Supreme Court of Delaware requesting the matter to be remanded back to the Family Court.

69.     The Court Reporter, Tammy Milligan,  stated in a letter dated December 23, 2003 - "The Teleconference held on April 16, 2003, did not take place. Therefore it cannot be transcribed."

70.     After January 23, 2003, the Plaintiff received a copy of the transcript for the Pretrial Converence held on July 31, 2003.

71.    On March 9, 2004, the Supreme Court of Delaware reversed and remanded the decision back to the Family Court of Delaware to be heard before the same Defendant BUCKWORTH.

72.    The Supreme Court of Delaware agreed the Plaintiff that 1) the Plaintiff did not receive proper notice for the Pretrial Conference held on July 31, 2003, 2) Defendant THORPE "fraudulently represented to the Family Court that its April 17, 2003 notification letter was sent to the same address where Husband [Plaintiff] always had received mail, 3) " there is no indication that a teleconference ever took place on April 16, 2003...The Family Court's September 3, 2003 order was, therefore, based upon a factual error. *(See Exhibit G – Delaware Supreme Court Order dated March 9, 2004, Page 4, Paragraph 6)*

73.    Declaratory relief for the causes of action was not provided by the Supreme Court of Delaware nor was declaratory relief available through the appeal process.

74.    During April 2004, Defendant NEWELL sent the Plaintiff a supena duces tecum by mail for the Plaintiff to appear for a deposition.

75.    On June 4, 2004, Defendant BUCKWORTH ordered the ancillary matters to be reopened as per the ruling from the Supreme Court Order dated March 9, 2004,   (#443, 2003) and scheduled a Pretrial Conference for December 14, 2004 and an Ancillary hearing for January 13, 2005.

E.    **CAUSES OF ACTION:**

76.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 75.

77.    The Plaintiff alleges that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegation:

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1985

78.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 77.

79.    The First Cause of Action is that Defendant NEWELL having received the Pretrial Conference letter containing   instructions for delivering the Stipulation agreement and an erroneous address for the Plaintiff, Defendant NEWELL failed to deliver the Stipulation agreement to the Plaintiff fifteen (15) days before the Pretrial Conference scheduled for July 31, 2003.

80.    Defendant NEWELL and Defendant THORPE conspired to deprive the Plaintiff of the constitutional rights protected by the First, Fifth, and Forteenth amendments by alleging that Defendant THORPE personally delivered the Stipulation agreement to the Plaintiff's home on July 29, 2003 in violation of Title 42 USCA § 1985(2).  *(See Exhibit A – Pretrial Conference Letter dated April 17, 2003)*

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1985

81.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 80.

82.    The Second Cause of Action is that at the Pretrial Conference held on July 31, 2003, Defendant NEWELL failed to provide proof of service or delivery to support the allegation that Defendant THORPE personally delivered the Stipulation agreement to the Plaintiff's home on July 29, 2003 thereby depriving the Plaintiff of the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1985(3).  *(See Exhibit B – Transcript for the Pretrial Conference Hearing held July 31, 2003)*

**COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1985**

83.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 82.

84.    The Third Cause of Action is that on July 31, 2003 during the Pretrial Conference, Defendant NEWELL concealed from the Court the fact that he failed to deliver the Stipulation agreement to the Plaintiff fifteen (15) days before the Pretial Conference with the intent on receiving a default judgment against the Plaintiff thereby furthering the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1985(3).  *(See Exhibit B – Transcript for the Pretrial Conference Hearing held July 31, 2003)*

**COUNT IV: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983**

85.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 84.

86. The Forth Cause of Action is that on July 31, 2003 during the Pretrial Conference, Defendant NEWELL concealed from the Court the fact that he failed to deliver the Stipulation agreement to the Plaintiff fifteen (15) days before the Pretial Conference where the Plaintiff was injured through a default judgment ordered by the Court thereby depriving the the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1983. *(See Exhibit B – Transcript for the Pretrial Conference Hearing held July 31, 2003)*

## COUNT V: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER § 1983 and 1985

87. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 86.

88. The Fifth Cause of Action is that during the Pretrial Conference held on July 31, 2003, Defendant NEWELL was ordered by the Court to prepare a <u>Default Order</u> based on the Stipulation agreement.

89. In the recital for the <u>Default Order</u>, Defendant NEWELL concealed the fact that he failed to deliver the Stipulation agreement to the Plaintiff fifteen (15) days before the Pretial Conference, and he misrepresented the Court's instructions for delivering the Stipulation agreement thereby depriving the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments and furthering the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments

in violation of Title 42 USCA § 1983 and 1985(3). *(See Exhibit C –Default Order dated August 6, 2003)*

## COUNT VI: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983 and 1985

90. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 89.

91. The Sixth Cause of Action is that Defendant NEWELL prepared the Default Order, and Defendant BUCKWORTH signed and issued the Default Order on August 6, 2003. Defendant NEWELL used fraudulent language ordering the Clerk of the Court to sign in behalf of the Plaintiff (Grantee) where the intent was stated that Defendant THORPE (Grantor) to convey her interest in the marital residence to the Plaintiff.

92. The Plaintiff was injured by being prevented from receiving clear title to sell the property thereby depriving the Plaintiff the constitutional rights protected by the, Fifth, and Forteenth amendment in violation of Title 42 USCA § 1983 and § 1985(3). *(See Exhibit C –Default Order dated August 6, 2003)*

## COUNT VII: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983 and 1985

93. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 92.

94. The Seventh Cause of Action is that in the response to the Plaintiff's Motion to Reopen, Defendant NEWELL misrepresented the Plaintiff's address as

being – "The address on the notice of hearing is address provided by [Plaintiff] Husband to the Count and continues to be the same address as evidenced on the filing of [Plaintiff's] his underlying motion" thereby depriving the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments and furthering the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1983 and § 1985(3). *(See Exhibits D and E – Motion to Reopen and Response)*

## COUNT VIII: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

95.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 94.

96.    The Eighth Cause of Action is that in the response to the Plaintiff's Motion to Reopen dated August 28, 2003, Defendant NEWELL misrepresented the Plaintiff's address as being – "The address on the notice of hearing is address provided by [Plaintiff] Husband to the Court and continues to be the same address as evidenced on the filing of [Plaintiff's] his underlying motion" thereby neglecting to prevent the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1986. *(See Exhibits D and E - Motion to Reopen and Response )*

## COUNT IX: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983

97.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 96.

98.    The Ninth Cause of Action is that Defendant BUCKWORTH in his official capacity acting under the color of law dismissed the Plaintiff's <u>Motion to Reopen</u> in an Order dated September 3, 2003, and he falsely stated the Plaintiff – "was personally informed by the Court at a teleconference conducted 4/16/03 of the Pretrial date and time", thereby depriving the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1983. *(See Exhibit F and H- Order Dismissing Motion to Reopen and Letter from Court Reporter)*

## COUNT X: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

99.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 98.

100.    The Tenth Cause of Action is that Defendant BUCKWORTH in his official capacity acting under the color of law dismissed the Plaintiff's <u>Motion to Reopen</u> in an Order dated September 3, 2003, and BUCKWORTH falsely stated the Plaintiff – "was personally informed by the Court at a teleconference conducted 4/16/03 of the Pretrial date and time", thereby refusing to prevent the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1986. *(See Exhibit F and H- Order Dismissing Motion to Reopen and Letter from Court Reporter)*

## COUNT XI: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

101.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 100.

102.   The Eleventh Cause of Action is that on July 31, 2003 during the Pretrial Conference, Defendant BUCKWORTH in his official capacity acting under the color of law neglected to confirm the Plaintiff had received proper notice to appear for the Pretrial Conference by comparing the Plaintiff's address in the Court records with the Plaintiff's address on the Pretrial Conference letter thereby neglecting to prevent the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1986.  *(See Exhibit B)*

## COUNT XII: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

103.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 102.

104.   The Twelfth Cause of Action is that on July 31, 2003 during the Pretrial Conference, Defendant BUCKWORTH in his official capacity acting under the color of law neglected to confirm that Defendant NEWELL provided a certificate of mailing  or delivery for the of the Stipulation agreement to the Plaintiff thereby neglecting to prevent the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1986.  *(See Exhibit B)*

## COUNT XIII: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

105.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 104.

106.   The Thirteenth Cause of Action is that on July 31, 2003 during the Pretrial Conference, Defendant BUCKWORTH in his official capacity acting under

the color of law neglected to obtain explanation from Defendant NEWELL the reason the Stipulation agreement did not have the Plaintiff signature Plaintiff thereby neglecting to prevent the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1986. *(See Exhibit B)*

## COUNT XIV: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1985

107.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 106.

108.    The Forteenth Cause of Action is that during the litigation and subsequent pleading for the ancillary proceeding, Defendant NEWELL and Defendant BUCKWORTH in his official capacity acting under the color of law conspired to deprive the Plaintiff a clear deed to the marital residence and to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments by using fraudulent language in the <u>Default Order</u> that ordered the Clerk of the Court to sign in behalf of the Plaintiff (Grantee) where the intent was for Defendant THORPE (Grantor) to convey her interest in the marital residence to the Plaintiff.

109.    Both Defendants NEWELL AND BUCKWORTH being members of the Delaware State Bar Association, acting as Officers of the Court, and being trained legal professionals should have known the Plaintiff's signature was not required when the Plaintiff was the Grantee in the deed, and the Defendant THORPE was the Grantor; therefore, the Court Clerk should have been ordered to sign in behalf of the Defendant THORPE, the Grantor.

110.    The Plaintiff was injured by being prevented from receiving clear title to sell the property thereby depriving the Plaintiff the constitutional rights protected protected by the First, Fifth, and Forteenth amendments in violation of Title 42 USCA § 1985(2). *(See Exhibit B and C)*

## COUNT XV: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983

111.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 110.

112.    The Fifteenth Cause of Action is that during the ancillary proceeding and subsequent orders and pleadings    Defendant NEWELL and Defendant BUCKWORTH in his official capacity acting under the color of law deprived the Plaintiff clear title for deed to the marital residence and deprived the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments by using fraudulent language in the <u>Default Order</u> that ordered the Clerk of the Court to sign in behalf of the Plaintiff (Grantee)  where the intent was for Defendant THORPE (Grantor)  to convey her interest in the marital residence to the Plaintiff in violation of Title 42 USCA § 1983. *(See Exhibit B and C)*

## COUNT XVI: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1986

113.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 112.

114.    The Sixteenth Cause of Action is that between July 31 and August 6 of 2003, Defendant BUCKWORTH in his official capacity acting under the color of law neglected the fraudulent language used in the <u>Default Order</u> prepared by

Defendant NEWELL that ordered the Clerk of the Court to sign in behalf of the Plaintiff (Grantee)   where the intent was for Defendant THORPE (Grantor)  to convey her interest in the marital residence to the Plaintiff and where the Plaintiff was injured by being prevented from receiving clear title for the deed to the property.

115.   Defendant BUCKWORTH neglected to prevent the conspiracy to deprive the Plaintiff the clear title to the property and the Plaintiff's constitutional rights protected by the Fifth, and Forteenth amendment in violation of Title 42 USCA § 1986.  *(See Exhibit B and C)*

## COUNT XVII: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1985

116.   Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 115.

117.   The Seventeenth Cause of Action is that during the Pretrial Conference held on July 31, 2003, Defendant NEWELL was ordered by the Court to prepare a Default Order base on the Stipulation agreement.

118.   In the recital for the Default Order Defendant NEWELL stated that the Defendants THORPE and NEWELL  received permission for the Court to file the Stipulation agreement late.

119.   The Court records and the transcript for the Pretrial Conference do not support Defendant NEWELL's statement that Defendants THORPE and NEWELL received permission for the Court to file the Stipulation agreement late thereby furthering  of the conspiracy to deprive the Plaintiff the constitutional rights protected by the First, Fifth, and Forteenth amendments in violation of

Title 42 USCA § 1985(3). *(See Exhibit C –Default Order dated August 6, 2003)*

**F.     PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF:**

On April 25, 2003, the Plaintiff file c complaint against Defendant NEWELL with the Office of Displinary Counsel alleging Defendant NEWELL misrepresented the Plaintiff's educational level on the Vital Statistics form filed with the divorce packet. Catherine H. Thompson investigated the complaint and ruled in favor of Defendant NEWELL.

The Plaintiff has not been involved in any other law suits dealing with the same facts involved in this action. However, the ancillary hearing for property division and alimony was held in the Family Court for New Castle County on January 13, 2005 with Defendant BUCKWORTH presiding (File No. CN00-11009, Petition No. 02-11653). The results for the hearing were as follows: 1)  The Plaintiff received interest in the marital property that was already sold a Sheriff's Sales on October 2003. 2)  The Defendant THORPE was awarded her 401K retirement plans. 3)  The Court alleged the Plaintiff engaged in litigious behavior.  On March 11, 2005 the Court ordered the Plaintiff to pay 50% of the Defendant THORPE's attorney fees in the amount of $7,718.96.

**G.     PREVIOUS DISMISSED ACTIONS OR APPEALS:**

The decisions from the hearing held on January 13, 2005 was appealed On April 8, 2005 to the Supreme Court of Delaware, Case Number 138, 2005

**H.     REQUEST FOR RELIEF:**

I request the following relief:

1.    Unliquidated monentary damages compensatory and punitive resulting from the loss of equity in property Plaintiff's located at 311 West 38th Street, Wilmington, Delaware 19802;

2.    Costs of this action, including reasonable attorney fees to the Plaintiff pursuant to 42 U.S.C. §1988;

3.    Issue declaratory relief as this Court deems appropriate and just;

4.    Issue other relief as this Court deems appropriate and just.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and the the information contained in the complaint is true and correct.

Executed at Wilmington, Delaware on August 5, 2005

Plaintiff, In Propria Persona Sui Juris
C/o 325 East 5th Street, Apt. 11-N
Wilmington, DE   19801

## EXHIBITS

A.    Pretrial Conference Letter, dated April 17, 2003

B.    Pretrial Hearing Transcript, July 31, 2003

C.    Default Order, issued August 6, 2003

D.    <u>Motion to Reopen Under Rule (60b</u>, date August 15, 2003

E.    Response for <u>Motion to Reopen Under Rule (60b)</u>, dated August 28, 2003

F.    Order Dismissing of <u>for Motion to Reopen Under Rule (60b)</u>, dated September 3, 2003

G.    Delaware Supreme Court Order, dated March 9, 2004

H.    Letter from Tammy Milligan, dated December 23, 2003