

# The Family Court of the State of Delaware

EXHIBIT A

**MARK D. BUCKWORTH**
**ASSOCIATE JUDGE**

900 KING STREET
POST OFFICE BOX 2359
WILMINGTON, DELAWARE 19899-2359

April 17, 2003

Michael K. Newell, Esq
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899

Richard Thorpe
311 West 28th Street
Wilmington, DE

RE: Antoinette Thorpe v Richard Thorpe
File No. CN00-11009, Petition No. 02-11653
Ancillary Scheduling Letter

Dear Mr. Newell and Mr. Thorpe:

This Letter Order will confirm that a Pre-Trial Conference in the above referenced action has been scheduled for **July 31, 2003 at 2:45 p.m.** and an Ancillary Hearing has been scheduled for **August 25, 2003 at 9:00 a.m.** One half hour has been allotted for the Pre-Trial Conference and 4 hours has been allotted for the Ancillary Hearing. Counsel and the parties are expected to appear for both the Pre-Trial Conference and the Ancillary Hearing.

All discovery shall be completed at least thirty days prior to the Pre-Trial Conference. This Order shall serve as authorization for each party to take the deposition of any witness who is expected to testify at trial.

At least thirty days prior to the Pre-Trial Conference, counsel and the parties shall meet in an effort to resolve all outstanding issues. If the parties are unable to reach an agreement regarding their ancillary matters the parties shall file a single Ancillary Pre-Trial Stipulation in the form attached hereto with the Court. The completed Ancillary Pre-Trial Stipulation shall be filed and a courtesy copy shall be provided to the Court at least three business days prior to the Pre-Trial Conference. The party seeking ancillary relief ("Petitioner") shall complete the Ancillary Pre-Trial Stipulation and forward an original notarized copy to the other party ("Respondent") or the Respondent's attorney at least fifteen (15) days prior to the Pre-Trial Conference. The Respondent shall then complete the document and deliver the original document to the Family Court and forward a copy to the Petitioner at least three (3) days prior to the Pre-Trial Conference. If the Petitioner fails to complete the Ancillary Pre-Trial Stipulation, the Respondent

must complete his or her portion of the Ancillary Pre-Trial Stipulation and timely file it with the Court. IF THE ANCILLARY PRE-TRIAL STIPULATION IS NOT RECEIVED BY THE COURT THREE BUSINESS DAYS PRIOR TO THE PRE-TRIAL, UNLESS PERMISSION IS GRANTED BY THE COURT TO SUMBIT IT LATE THE ANCILLARY HEARING WILL BE TAKEN OFF OF THE CALENDAR. By way of illustration and not limitation, the Ancillary Pre-Trial Stipulation will not be considered complete if it contains notations such as "NADA" value" (as opposed to a specific dollar amount), or "to be provided." The Ancillary Pre-Trial Stipulation shall include a "Wright Chart."" See Wright v. Wright, 469 A.2d 803, 811 (Del. Fam. Ct. 1983).

The Court may impose sanctions for failing to timely and thoroughly complete the Ancillary Pre-Trial Stipulation. Sanctions may include, but are not limited to fines, counsel fees and/or forfeiting the scheduled Ancillary hearing date.

At least seven day prior to the Ancillary hearing, the parties shall exchange and premark all exhibits, with the exception of any exhibits which either party seeks to introduce solely for the purpose of impeaching the other party. Husband's exhibits shall be premarked "H" and Wife's exhibits shall be premarked "W". At the commencement of the Ancillary, the parties shall submit a stipulation of matters about which they agree and the matters that remain at issue, and Qualified Domestic Relations Orders (QDRO's) dividing any assets which either party proposes be divided by QDRO.

Failure by both parties to comply with this Order may result in the dismissal of the Ancillary matters with prejudice and/or the continuance of the Pre-Trial Conference and Ancillary Hearing. Failure by one party to comply with this Order may result in the entry of a default judgment in favor of the complying party.

Please be advised that this will be the only notice of the hearings that you or your client will receive from the Court. Please notify your clients.

IT IS SO ORDERED.

Very truly yours,

*[signature]*

Judge Mark D. Buckworth

MDB/sn
CC:   File

EXHIBIT B

# THE FAMILY COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| Antoinette Thorpe<br>  Petitioner | ) ) ) | File No.: CN00-11009 |
| v. | ) ) | PRETRIAL CONFERENCE |
| Richard Thorpe<br>  Respondent. | ) ) ) | Hearing: 7/31/03 |

The Family Court of the State of Delaware
500 King Street
P.O. Box 2350
Wilmington, Delaware 19899

BEFORE:         JUDGE MARK BUCKWORTH

APPEARANCES:    MICHAEL NEWELL, ESQ., Repr. Petitioner

Witnesses:

TRANSCRIPT OF HEARING

# INDEX

**Page No.**

Entry of Default Judgment ................................................................................... 1

Adjournment ......................................................................................................... 5

# Antonio's Word Processing Services, Inc.
## 805 W. 13th Street
## New Castle, Delaware 19720

---

### CERTIFICATE OF TYPIST

I, Mary C. Zajaczkowski, typist for the Family Court of the State of Delaware do hereby certify that the foregoing is an accurate transcript of the testimony adduced and proceedings had, in the case herein stated, as the same remains of record in the Office of The Clerk of the Family Court at Wilmington, County of New Castle.

WITNESS MY HAND, this 23RD day of January, 2004.

*Mary C. Zajaczkowski* (signature)
Mary C. Zajaczkowski

ASSISTANT: The Family Court of the State of Delaware, New Castle County is now in session. The Honorable Mark Buckworth is presiding.

THE COURT: Alright. For the record, we have a pretrial scheduled today in the matter of <u>Thorpe v. Thorpe</u>. Mr. Newell, I note your appearance along with Antoinette Thorpe as Petitioner in the matter scheduled for pretrial conference today, ancillary matters of property division, counsel feels and court costs. I note that Respondent, Richard Thorpe, is not present. He has not contacted my office with any justification for his failure to appear today. I know that notice went out in this case some time ago, on April 17th, 2003 advising of today's pretrial. Also advising, let me get the exact language, the Court may, quote, the Court may impose sanctions for failing to timely and thoroughly complete the ancillary pretrial stipulation, sanctions may include but are not limited to fines, counsel fees and/or forfeiting the scheduled ancillary hearing date. It goes down further to say that failure by both parties to comply with this order may result in dismissal of the ancillary matters with prejudice or a continuance of the pretrial conference and the ancillary hearing. Failure by one party to comply with this order may result in the entry of a default judgment in favor of the compliant party. My office did receive a pretrial stipulation, although I can hardly call it a stipulation, since it is only filled out with your client's information and signed by you and your client, there being no full stipulation filled in by Mr. Thorpe and signed by him. What is your position Mr. Newell?

MR. NEWELL: Your Honor, I would also like to advise the Court that as of this morning, my client learned that she has another retirement

1

benefit by virtue of her employment with Morgan. So I was going to present a revised or an amended pretrial stip, and I actually have that present. There is approximately $9449.00 which is more of a current statement, and actually my client is not aware of whether it is a defined contribution plan or what have you. So, so I would like the Court to be made aware of that. With respect to what my client wants, Your Honor, is she just wants this to be over. If Your Honor recalls, there was a custody matter before this Court where Mr. Thorpe also petitioned for custody. And then the day before asked for a dismissal of the claim and Your Honor took some testimony and entered a default judgment. So with respect to this proceeding, she would like the Court to entertain a default order as follows, where each party would keep all of their respective retirement assets. The furnishings, she is not interested in any furnishings from the marital residence at this point. She would ask for an order that she be relieved, she is not on the mortgages on the former marital residence, but she is on the deed. There has been some discussion between the parties for that property to be sold. We are not sure of the condition that the property is in, or more importantly Mrs. Thorpe is not sure of the conditions. So Mr. Thorpe can have this asset and in fact I would ask that an order be entered where I could prepare a form of deed from this property conveying her interest to him to either be signed, that she could sign and be done with it. And if we need to, have the Court execute on his behalf. I really don't think we'll need that because the parties are since divorced. And with respect to debts, there were three in nature. There is a tax liability existing from the marriage where my client has already paid approximately well $2,989.00 towards a tax liability and there is approximately $6,219.80 remaining. She would want Mr. Thorpe to be responsible for his one half

share of the total obligation, and to indemnify and hold her harmless. Unfortunately, what has happened is that the IRS has been seizing her refunds, so I guess we would just as for a judgment in that regard as well so that we can pursue any claims that she may have for against Mr. Thorpe for overpayment, for her overpayment of 50 percent of the tax liability. That hasn't happened yet. There is also some credit card debt that she has paid off during the course of the marriage, or since separation of $6,853.42. And she would ask for an order that he be responsible for 50 percent of that back to her. That obligation has been satisfied by her, so that would purely be a credit that would be due back to Mrs. Thorpe. She has some student loans, but I also noted on the Rule 16C report that Mr. Thorpe prepared that he also indicated that the had some student loans and that she would just simply indicate that he be responsible for his student loans, and she will be responsible for her student loans. I believe, Your Honor, other than that, Mrs. Thorpe, much like in a custody action, would like because of his failure to appear, failure to prepare the pretrial stip, to entertain an application on her to be submitted on me for attorneys' fees and costs. I believe that represents all the assets. I think that would take care of the issues Your Honor.

    THE COURT: Okay. Well as I indicated at the inception, Mr. Thorpe was advised in the scheduling letter of the possible sanctions for not only failing to comply with the completion of the pretrial stipulation, but also attendance and participation in today's pretrial conference, one of which was a default judgment which is what you are asking for as well as request for counsel fees and costs. So I will grant your request for a default judgment. If you would like to hand up

the amended pretrial stipulation so that I can make it a part of the record, and then you can submit to me a proposed form of order based upon that pretrial stipulation.

MR. NEWELL: Fine Your Honor. I noticed that when it was copied, unfortunately the signature page, page 7, did not copy out but you have her signature for last week, or from yesterday.

THE COURT: And this is amended.

MR. NEWELL: Yes.

THE COURT: Okay?

MR. NEWELL: Your Honor, the only other request I would have I guess and I forgot to mention, in terms of the, and I will put it in the form of order, Mr. Thorpe in his pleading and also I believe in a letter that he wrote to you in June made some indication that he may be applying for alimony and I would ask that obviously that his alimony claim be dismissed as a result of his failure to appear.

THE COURT: Yeah. I think I disposed of that already, but just for a matter of formality, but his failure to appear to day, he waives any claim for alimony. For the record, I did a letter dated July 16, 2003, a letter opinion, indicating that he was, he sent me a letter June 16th indicating that he would be submitting a motion for temporary alimony and as of now, at least according to the Court's file, no such motion has been filed. But I basically informed him in my letter opinion that sending me a letter saying he is going to do something doesn't mean anything. So, but you can put that in the form of the order.

MR. NEWELL: Thank you Your Honor.

4

THE COURT: That is fine. We stand adjourned. If you don't mind, I'm not going to leave. I got another case right after.

MR. NEWELL: That is fine to me.

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| ANTOINETTE D. THORPE, | ) | **EXHIBIT C** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) File No.: CN00-11009 | |
| | ) Petition No.: 02-11653 | |
| RICHARD THORPE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

RECITALS.

I.  The parties were notified by the Court on April 17, 2003 by letter/order that the date and time for the pre-trial conference in this matter was July 31, 2003 at 2:45 p.m. The parties were further notified that the ancillary hearing was scheduled for August 25, 2003 at 9:00 a.m.

II.  Pursuant to the April 17, 2003 order, the Court required a pre-trial Stipulation to be submitted three days prior to the pre-trial unless permission was granted by the Court to submit it late.

III.  Petitioner (hereinafter "Wife") received permission from the Court to file the pre-trial order on Wednesday, July 30, 2003. Wife's counsel prepared the pre-trial Stipulation and Wife delivered the document to Respondent's (hereinafter "Husband") house on July 29th at approximately 1:15 p.m. Wife's instruction to Husband was that the Stipulation was due to be filed in the Court on July 30th and that Husband could fax the form to her counsel.

IV.  The pre-trial order was submitted on Wife's behalf since no response was received from Husband.

V.  Husband failed to appear at the pre-trial conference and the Court stated it would enter a default order and ordered Wife's counsel to prepare this order.

NOW THEREFORE, it is ordered as follows:

Wife shall convey to Husband by deed all her right, title and interest in and to the property located at 311 West 38th Street, Wilmington, Delaware 19802. Any mortgages existing against this property have been represented by Husband to be in his name only. To the extent that documents are needed to be signed by Husband to complete this conveyance from Wife to Husband, then the provisions of 13 <u>Del. C.</u> §1513(f) shall apply and the Clerk of Court shall be ordered to sign any and all such documents. Husband shall indemnify and hold Wife harmless for all expenses related to his ownership and/or possession of this home.

2. Husband shall retain the 1988 Ford Taurus and Wife shall retain the 2000 Hyundai Elantra.

3. Wife shall retain the following retirement accounts as her sole and exclusive property:

   A. J. P. Morgan 401(k) Plan;
   B. J. P. Morgan retirement plan;
   C. Mellon Bank 401(k) Plan;
   D. Agilent 401(k) Plan.

4. Husband shall retain the following retirement accounts as his sole and exclusive property:

   A. Amoco Chemicals Plan;
   B. DuPont Savings and Investment Plan.

5. The parties shall each retain the marital household furnishings and personal property currently in their respective possessions and there shall be no further division of personal property or furnishings.

6. Each party shall be responsible for their respective student loans incurred during the marriage.

7. Each party shall be equally responsible for the Internal Revenue Service debt for the past due taxes in the approximate amount of $6,219.80 subject to changes due to accrued interest and penalties. The initial balance of this debt was $9,208 and the IRS has already received Wife's tax refunds totaling $2,989 to bring this debt to the current balance. Husband shall reimburse Wife for 50% of the amount that Wife has paid against this debt to date and each party shall thereafter be equally responsible for this

amount. In the event that Husband does not reimburse Wife for 50% of the amount she has paid against this debt and/or should he not pay his share of this obligation, all of Husband's rights, title and interest in and to his prospective earnings up to the amount of his 50% responsibility for this debt shall be equitably transferred to Wife without further order of the Court. To the extent that either party does not pay their appropriate 50% share, the other party shall be entitled to a judgment and/or other judicial relief to enforce the obligation set forth in this paragraph.

8. Wife has paid $6,583.42 in credit card debt since the date of separation that was incurred during the parties' marriage. Husband shall pay to Wife 50% of this amount or $3,426.71 as his 50% obligation. In the event that Husband does not reimburse Wife for 50% of the amount she has paid against this debt, all of Husband's rights, title and interest in and to his prospective earnings up to the amount of his 50% responsibility for this debt shall be equitably transferred to Wife without further order of the Court. Wife shall be entitled to a judgment, wage attachment or other appropriate relief to enforce Husband's 50% obligation for the payment of this debt.

9. Husband's claim for alimony is hereby dismissed with prejudice.

10. Wife's counsel shall be permitted to file an application for an award of attorney's fees and costs to be decided by the Court in its discretion for her representation in the ancillary matters of property division, alimony and fees.

_____
MARK D. BUCKWORTH, Judge

8/6/03

280013