Form 192
(Rev. 3/99)

**EXHIBIT D**

# The Family Court of the State of Delaware
In and For ☐ New Castle ☐ Kent ☐ Sussex County

Richard A. Thorpe, Sr.
_____
Petitioner

v.

Antoinette D. Thorpe
_____
Respondent

File No.: CN00-11009

Petition No.: 02-11653

## NOTICE OF MOTION

TO:
Michael Newell, Esquire
1220 Market Street
P.O. Box 2207
Wilmington, DE 19815

PLEASE TAKE NOTICE that the attached Motion __Re-open under to Rule 60B__ is herewith presented to the Court for consideration. If you are opposed to this motion, you must file a written response with the Court within ten (10) days of the service of this motion. If no response is timely filed, the motion may be decided without further opportunity for you to be heard on the matter. Family Court Rules, Rule 7(b)(2).

Dated:

_____
Petitioner/Attorney

Name and Address of Petitioner/Attorney

| Name | |
|---|---|
| Address | |
| City | State | Zip |
| SS# | DOB |

**PAGE 2 TO EXHIBIT D IS SEALED**

IN THE FAMILY COURT OF THE STATE OF DELAWARE    **EXHIBIT E**

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RICHARD A. THORPE, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | File No.: **CN00-11009** |
| v. ) | Petition No.: **02-11653** |
| ) | |
| ANTOINETTE D. THORPE, ) | |
| ) | |
| Respondent. ) | |

### RESPONSE TO MOTION TO REOPEN UNDER RULE 60(B)

Respondent, ANTOINTETTE D. THORPE ("Wife"), by and through her attorneys, CONNOLLY, BOVE, LODGE & HUTZ, LLP, hereby responds to Petitioner's, RICHARD A. THORPE, SR. ("Husband"), Motion to Reopen under Rule 60(b) as follows:

1. Wife is unable to admit or deny whether Husband received a copy of the notice of the July 31st pre-trial conference. However, attached hereto as Exhibit "A" is a copy of the notice of the pre-trial and trial dated April 17, 2003 addressed to both counsel for Wife and Husband. The address on the notice of hearing is address provided by Husband to the Court and continues to be the same address as evidenced on the filing of his underlying motion. It is denied that Husband did not receive a copy of the Rule 52(d) Pre-Trial Stipulation. Wife personally delivered to Husband her portion of the 52(d) on July 29th at approximately 1:15 p.m. and instructed him to complete his portion of the report which was due to be filed with the Court on July 30th. Husband failed to submit his portion of the 52(d) and appear at the July 31, 2003 pre-trial conference.

With regard to Husband's allegation that he "declared bankruptcy Chapter 7 on May 9th," Husband failed to notice Wife of the bankruptcy as well as notify the Court and Wife's counsel. Furthermore, as Husband's prior Chapter 13 bankruptcy was voluntarily dismissed on January 28, 2003, it is Wife's counsel's belief that Husband may not have been permitted to file a new bankruptcy until on or about July 2003. Wife's counsel is presently researching this matter and will supplement the Court with his findings.

WHEREFORE, Respondent respectfully requests that this Court dismiss Petitioner's request for relief pursuant to Rule 60(b). Respondent further seeks an award of counsel fees and cost for the defense of this action.

CONNOLLY, BOVE, LODGE & HUTZ, LLP

*/s/ Michael K. Newell*
MICHAEL K. NEWELL
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899
Attorneys for Respondent
 Antoinette D. Thorpe

Dated: August 28th, 2003

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RICHARD A. THORPE, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANTOINETTE D. THORPE, )<br>)<br>Respondent. ) | File No.: **CN00-11009**<br>Petition No.: **02-11653** |

### ORDER

HAVING CONSIDERED the attached Response to Motion to Reopen Under Rule 60(B):

IT IS ORDERED this _____ day of _____, 2003 that:

1. Petitioner's Motion to Reopen Under Rule 60(b) is DISMISSED.
2. Respondent's counsel is awarded fees and costs for the defense of this matter.

_____
THE HONORABLE MARK D. BUCKWORTH

## CERTIFICATE OF MAILING

   I, MICHAEL K. NEWELL, ESQUIRE, hereby certify that on this 28th day of August, 2003, two (2) copies of the foregoing <u>RESPONSE TO MOTION TO REOPEN UNDER RULE 60(B)</u> were mailed by placing same in the United States Mail at Wilmington, Delaware with postage prepaid to the following individual at the address indicated below:

   Mr. Richard A. Thorpe, Sr.
   311 West 38th Street
   Wilmington, DE  19802

                _____
                MICHAEL K. NEWELL

#9094-00001

IN THE FAMILY COURT OF THE STATE OF DELAWARE  **EXHIBIT F**

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| RICHARD A. THORPE, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | File No.: **CN00-11009** |
| v. ) | Petition No.: **02-11653** |
| ) | |
| ANTOINETTE D. THORPE, ) | |
| ) | |
| Respondent. ) | |

## ORDER

HAVING CONSIDERED the attached Response to Motion to Reopen Under Rule 60(B):

IT IS ORDERED this __3rd__ day of __Sept__, 2003 that:

1. Petitioner's Motion to Reopen Under Rule 60(b) is DISMISSED.
2. Respondent's counsel is awarded fees and costs for the defense of this matter.
3. Petitioner was personally informed by the Court at a teleconference conducted 4/16/03 of Pretrial Date and time.

_____
THE HONORABLE MARK D. BUCKWORTH

**EXHIBIT G**

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT A. THURMAN, SR., | § § | |
| Petitioner Below-Appellant, | § § § | No. 443, 2003 |
| v. | § § § § | Court Below---Family Court of the State of Delaware, in and for New Castle County |
| ANNA D. THURMAN, | § § | Petition No. 02-11653 File No. CN00-11009 |
| Respondent Below-Appellee. | § § § | |

Submitted: February 27, 2004
Decided: March    9, 2004

Before **HOLLAND**, **STEELE** and **JACOBS**, Justices

### ORDER

This 9th day of March 2004, upon consideration of the appellant's opening brief and appendix, the appellee's motion to remand, and the appellant's answer thereto, it appears to the Court that:

(1)    Petitioner-appellant, Robert A. Thurman, Sr. ("Husband"),[1] and respondent-appellee, Anna D. Thurman ("Wife"), were divorced on August 15, 2002. A pretrial conference regarding ancillary matters was held on July 31, 2003, for which Husband failed to appear. On August 6, 2003, the Family Court issued

---

[1] The Court sua sponte has assigned pseudonyms to the parties. Supr. Ct. R. 7(d).

its final order with respect to property division, alimony, court costs and counsel fees.[2]

(2)  On August 15, 2003, Husband filed a motion to reopen the Family Court's judgment.[3] Husband alleged that he did not receive proper notice of the pretrial conference due to a typographical error on the envelope containing the notice.[4] In her response to Husband's motion, Wife represented that notification of the pretrial conference was sent to Husband at the same address where he had always received mail. On September 3, 2003, the Family Court denied Husband's motion stating that Husband had been informed of the date and time of the pretrial conference during a teleconference with the Family Court on April 16, 2003.

(3)  In his appeal, Husband claims that the Family Court erred by a) accepting Wife's untimely pretrial stipulation; b) entering Wife's order as a final judgment when he had not been properly notified of the date of the pretrial conference; and c) denying his motion to reopen the judgment on the basis of Wife's misrepresentation that notice of the pretrial conference had been sent to him at the same address where he always had received mail.

---

[2] The Family Court had directed Wife to prepare the order when Husband failed to appear for the pretrial conference.

[3] Fam. Ct. Civ. R. 60(b).

[4] Husband contends that the letter was sent in error to "311 West 28th Street, Wilmington, DE" rather than "311 West 38th Street, Wilmington, DE."

(4) In lieu of an answering brief, Wife filed a motion to remand in which she represents that Husband's appeal may have merit. She suggests that it would be a better use of judicial resources to remand the matter to the Family Court for a hearing on the merits of Husband's claim of improper notice than to brief the issues raised in Husband's appeal.

(5) Following the filing of Wife's motion to remand, Husband filed a responsive pleading captioned "Answer for Motion to Remand." In that filing, Husband lists a number of "irregularities" in the divorce proceedings and ancillary proceedings in the Family Court.[5] Based on these alleged defects, Husband requests either that the motion to remand be denied or that additional relief be granted to him. Specifically, he requests that this Court maintain jurisdiction over the case; that he be permitted to amend his financial report; that there be additional discovery, another pretrial hearing, and a trial; and, finally, that another Family Court judge be appointed to preside over the proceedings.

(6) We have reviewed the record in this case and it is supportive of Husband's claims. First, with one exception, all documents either sent to Husband by the Family Court or sent by Husband to the Family Court show Husband's

---

[5] Among other things, Husband contends that the teleconference referred to in the Family Court's order denying his motion to reopen did not take place. He attaches a copy of a letter from the Family Court's judicial case manager supporting this contention.

address as "311 West 38th Street." The sole exception is the Family Court's April 17, 2003 letter to the parties notifying them of the date and time of the pretrial conference and the ancillary hearing, which shows Husband's address as "311 West 28th Street."[6] Second, the record reflects that Wife erroneously represented to the Family Court that its April 17, 2003 notification letter was sent to the same address where Husband always had received mail. Finally, there is no indication that a teleconference ever took place on April 16, 2003 during which Husband was informed of the date and time of the pretrial conference. The Family Court's September 3, 2003 order was, therefore, based upon a factual error.

(7) Given the circumstances presented in this case, we agree with Wife that the matter must be remanded to the Family Court for proceedings to determine the circumstances of notification to Husband of the date and time of the pretrial hearing. We further conclude that the Family Court's order denying Husband's motion to reopen was erroneous. Accordingly, the judgment of the Family Court will be reversed and the matter remanded to the Family Court for further proceedings. Should the Family Court determine that Husband did not receive appropriate notice of the pretrial conference, its subsequent orders should be

---

[6] We assume that the envelope containing this letter also showed this same incorrect address. In the letter, the judge noted that this would be the only notification of these dates and times provided to the parties by the Family Court.

-4-

vacated and a new pretrial hearing scheduled with new dates for pretrial submissions by the parties. Husband's request for additional relief is not warranted at this stage of the proceedings and, therefore, will be denied.

NOW, THEREFORE, IT IS ORDERED that the Family Court's judgment is REVERSED and this matter is hereby REMANDED to the Family Court for further proceedings in accordance with this Order. Jurisdiction is not retained. Husband's request for additional relief is hereby DENIED.

BY THE COURT:

/s/ Jack B. Jacobs
Justice



**EXHIBIT H**

### The Family Court of the State of Delaware

23 December, 2003

Richard Thorpe
325 East 5th, Apt., 11-N
Wilmington, DE 19801

Re: Thorpe v. Thorpe, Supreme Court #: 443, 2003, Family Court # CN00-11009

Dear Mr. Thorpe:

Reference to the Directions to the Court Reporter, I had received on December 23, 2003, requiring a transcript of Judge Mark Buckworth's hearings on July 31, 2003. The Teleconference held on April 16, 2003, did not take place. Therefore it cannot be transcribed.

Civil Rule 90.3 provides that transcript costs be prepaid.

This letter is to advise you that the *estimated* cost is as follows:

| | |
|---|---|
| Transcript Costs | $45.00 |
| Number of Pages | 15 |

Payment must be received within 15 days from the date of this letter. Please send your payment to my attention, payable to Family Court, State of Delaware at 500 N. King Street, Wilmington, DE 19801.

If you have any questions or need further assistance, please do not hesitate to contact me.

Very truly yours,

Tammy Milligan
Judicial Case Manager
Civil Case Processing Unit
(302) 255-0245