IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICHARD A. THORPE,           )
Ex relatione                 )
                             )
RICHARD A. THORPE, SR.,      )
In Propria Persona Sui Juris, )
                             )
          Plaintiff,         )
                             )
     v.                      )   Civ. No. 05-572-SLR
                             )
MICHAEL K. NEWELL, ESQUIRE,  )
ANTIONETTE D. THORPE and     )
MARK D. BUCKWORTH,           )
Individually and in his      )
Official Capacity Acting As  )
Magistrate for the Family    )
Court for New Castle County, )
                             )
          Defendants.        )

**MEMORANDUM ORDER**

**I.  INTRODUCTION**

Plaintiff Richard A. Thorpe filed this action pro se pursuant to 42 U.S.C. §§§ 1983, 1985 and 1986. (D.I. 2)  He requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1)  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.  STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process.  First, the court must determine whether the plaintiff is eligible for pauper status.  Whether to grant or deny an in forma pauperis petition lies within the sound

discretion of the trial court.  Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).  Factors to consider in this determination are:  (1) whether the plaintiff is employed; (2) plaintiff's annual salary; and (3) any other property or assets the plaintiff may possess.  See e.g. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)(detailing economic standards to be employed in deciding in form pauperis applications); United States v. Scharf, 354 F. Supp. 450 (E.D. Pa. 1973)(same).  The right to proceed in forma pauperis, particularly in pro se cases, should generally be granted where the required affidavit of poverty is filed, except in extreme circumstances.  Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976), citing Lockhart v. D'Urso, 408 F.2d 354 (3d Cir. 1969).

Plaintiff has submitted an affidavit stating that he has "an interest in a property occupied by [his] ex-wife" with an estimated value of $100,000.  (D.I. 1)  He lists no dependents, income or additional assets.  Considering plaintiff's income in light of the authority above, the court finds plaintiff does not have the ability to pay the $250 filing fee, and the petition to proceed in forma pauperis is granted.

Having made the pauper determination, the court must determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief pursuant to 28

2

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the court finds
plaintiff's complaint falls under any one of the exclusions
listed in the statutes, the complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C.
§§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard
of review provided for in Fed. R. Civ. P. 12(b)(6).  See Neal v.
Pennsylvania Bd. of Probation and Parole, No. 96-7923, 1997 WL
338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard
as appropriate standard for dismissing claim under § 1915A).
Accordingly, the court must "accept as true the factual
allegations in the complaint and all reasonable inferences that
can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.
1996).  Pro se complaints are held to "less stringent standards
than formal pleadings drafted by lawyers and can only be
dismissed for failure to state a claim if it appears 'beyond
doubt that the plaintiff can prove no set of facts in support of
his claim which would entitle him to relief.'" Estelle v.
Gamble, 429 U.S. 97, 106 (1976)(quoting Conley v. Gibson, 355

---

[1]These two statutes work in conjunction.  Section
1915(e)(2)(B) authorizes the court to dismiss an in forma
pauperis complaint at any time, if the court finds the complaint
is frivolous, malicious, fails to state a claim upon which relief
may be granted or seeks monetary relief from a defendant immune
from such relief.  Section 1915A(a) requires the court to screen
prisoner in forma pauperis complaints seeking redress from
governmental entities, officers or employees before docketing, if
feasible and to dismiss those complaints falling under the
categories listed in § 1915A (b)(1).

U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established.  The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] As discussed below, because plaintiff's claims have no arguable basis in law or fact, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## III.  DISCUSSION

Plaintiff names as defendants:  (1) Antoinette D. Thorpe, his ex-wife; (2) Michael K. Newell, his ex-wife's divorce attorney; and (3) Mark D. Buckworth, the Family Court judge who presided over the divorce and property settlement case.  (D.I. 2) Essentially, plaintiff claims the defendants violated his rights by failing to provide him with notice of a Family Court pretrial conference where the distribution of the marital assets was to be resolved.  Because he did not know about the hearing and did not attend, default judgment was entered against him and the marital home was sold at a reduced price.  Plaintiff appealed the Family Court's decision to the Delaware Supreme Court.  (Id., Ex. F)

---

[2]Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA.  Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable.  See § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

The Court remanded the case to Family Court to explore whether plaintiff had received notification of the hearing.  (Id. at Ex. G)  Plaintiff seeks "unliquidated monetary damages compensatory and punitive resulting from the loss of equity" in his property. (D.I. 2 at 25)

To the extent that plaintiff seeks to hold defendant Buckworth liable in his capacity as a judicial officer, this claim must fail.  The United States Supreme Court has held that judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice.  Mireles v. Waco, 502 U.S. 9, 11 (1991).  Moreover, judicial immunity can only be defeated if the judge has acted outside the scope of his judicial capacity or in the "complete absence of all jurisdiction."  Id., at 11-12; Stump v. Sparkman, 435 U.S. 349, 356 (1978).  Here, plaintiff alleges that defendant Buckworth failed to notify him of the scheduled pretrial conference and signed an order disposing of his residence without plaintiff's input.  None of these allegations suggest that defendant Buckworth was acting outside the scope of his judicial capacity or in the absence of all jurisdiction.

Plaintiff also alleges his ex-wife and her attorney violated his constitutional rights.  In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived plaintiff of his constitutional rights.  West v.

<u>Atkins</u>, 487 U.S. 42, 48 (1988).  There is nothing in plaintiff's complaint to suggest either defendant was acting under color of state law.  Although plaintiff brings claims under 42 U.S.C. §§ 1985 and 1986, it is unclear what conduct he alleges constitutes a constitutional violation.  Nonetheless, to the extent he asserts that defendants conspired with each other to deprive him of his federally protected rights, such claims fail because allegations of conspiracy that are vague, conclusory and present no overt acts must be dismissed.  <u>See</u> <u>generally</u>, <u>Boddie v. Schnieder</u>, 105 F.3d 857, 862 (2d Cir. 1997).

## IV.  CONCLUSION

At Wilmington this 9th day of September, 2005 for the reasons stated;

IT IS ORDERED that:

1.    Plaintiff's motion to proceed in forma pauperis (D.I. 2) is granted.

2.    Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

_____
United States District Judge

6